UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| THOMAS RICHARD GOEPNER, | Case No. 3:26-cv-00025-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| HENLEY, *et al.*, | |
| Respondents. | |

**I.    SUMMARY**

This habeas matter is before the Court for initial review of Petitioner Thomas Richard Goepner's *pro se* petition for writ of habeas corpus (ECF No. 1-1 ("Petition")) under 28 U.S.C. § 2254 under the rules governing § 2254 cases.[1] Also before the Court is Goepner's application to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) The Court concludes that the Petition is subject to multiple substantial defects, dismisses the Petition without prejudice, and grants the IFP application.

**II.    DISCUSSION**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Goepner challenges a conviction and sentence imposed by the Second Judicial

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing Section 2254 cases in the United States District Courts. *See* 28 U.S.C. § 2254. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

District Court for Humboldt County.[2] On January 30, 2018, the state district court entered a judgment of conviction for five counts of sexual assault of a minor under the age of 14, three counts of sexual assault of a minor under the age of 16, four counts of sexual assault, and one count of open or gross lewdness. On July 24, 2019, the Nevada Supreme Court affirmed Goepner's conviction on direct appeal.

On January 7, 2025, Goepner filed a state habeas petition seeking post-conviction relief. Because Goepner filed his state habeas petition more than five years after issuance of the remittitur on direct appeal, his state habeas petition was untimely. The Nevada Court of Appeals affirmed the state district court's denial of relief, declining to consider in the first instance his arguments on appeal to overcome the procedural bar. On January 13, 2026, Goepner initiated this federal habeas proceedings. (ECF No. 1-1.)

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, no

---

[2]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *See Nino*, 183 F.3d at 1007.

Goepner's conviction became final after the Nevada Supreme Court decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court on April 24, 2019.  The AEDPA statute of limitations began running the following day.  Absent another basis for tolling or delayed accrual, the AEDPA deadline expired 365 days later on April 24, 2020. Although Goepner filed the state habeas petition on January 7, 2025, it was filed more than four and a half years after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Because the state petition was not timely under Nevada law, it was not "properly filed" for the purposes of tolling the AEDPA deadline. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on April 24, 2020, and Goepner's federal petition, filed more than five and a half years later, is untimely on its face.

**B.      Exhaustion**

Goepner asserts two grounds for relief. Goepner claims his constitutional right to due process of law has been violated because his presentence investigation report ("PSI") contained inaccuracies. He further alleges that his constitutional rights to due process of the law and equal protection were violated because his PSI affects his parole eligibility.

It appears that Goepner alleged different claims before the state appellate court on direct appeal and his state habeas petition was dismissed as procedurally barred. Given that his claims are unexhausted in state court, this action will be dismissed without prejudice.

### C.    Cognizability

Goepner fails to allege a cognizable federal habeas claim. The AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Although Goepner mentions "due process" in his Petition, his claims present no federal question because they plainly involve the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 563 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Goepner's claims are a question of state law and therefore are not cognizable in federal habeas corpus proceedings.

### III.    CONCLUSION

It is therefore ordered that Petitioner Thomas Richard Goepner's petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is denied and this action is dismissed without prejudice.

It is further ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

4

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to make informal electronic service upon Respondents by adding Nevada Attorney General ("AG") Aaron D. Ford as counsel for the respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 26th Day of February, 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE